IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GREG BAKER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO.: 4:20-cr-16-1

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's April 30, 2025, Report and Recommendation, (doc. 1555), to which Petitioner has objected, (doc. 1561). For the reasons explained below, the Objection is meritless. The Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 1555.) Baker's Motion[1] is **DENIED**. (Doc. 1552.)

After Baker filed his Motion, the Court entered an order pursuant to Castro v. United States, 540 U.S. 375 (2003). (Doc. 1553.) As the Magistrate Judge explained, Baker responded to that Order and expressly requested that the Court not reconstrue has Motion as a motion pursuant to 28 U.S.C. § 2255 and rule on his Motion, construed as a motion pursuant to Federal Rule of Civil Procedure 60(b). (See doc. 1555, p. 2; see also doc. 1554.) The Magistrate Judge recommended that the Court accede to Baker's request. (Doc. 1555, p. 2.) The Magistrate Judge then recommended that the Motion be denied based on the unanimous authority that "Rule 60(b) simply

---

[1] The docket currently identifies Baker's Motion as a "Motion to Vacate under 28 U.S.C. 2255." (Docket Entry for doc. 1552.) For the reasons explained below, the Clerk is **DIRECTED** to update that entry to reflect that the Motion seeks relief pursuant to Federal Rule of Civil Procedure 60(b).

does not provide for relief from judgment in a criminal case." (Id., p. 3 (quoting United States v. Rivera, No. 20-11628, 2024 WL 983122, at *5 (11th Cir. Mar. 7, 2024) (internal quotation marks and citations omitted)).) Baker cites to Buck v. Davis, 580 U.S. 100 (2017), in support of his contention Rule 60(b)(6) can provide him relief from the judgment against him. (Doc. 1561, p. 2.) However, Buck involved a 28 U.S.C. § 2254 petition, not a § 2255 motion. See 580 U.S. at 101. Given the different context, that authority does not establish that Rule 60(b)(6) can be used to attack the validity of a federal criminal judgment, as an effective alternative to § 2255.[2] The Magistrate Judge's recognition that "Rule 60(b) simply does not provide for relief from judgment in a criminal case," (doc. 1555, p. 3), was clearly correct. See, e.g., United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Since, construed as a Rule 60(b) motion, the merits of Baker's underlying claims are irrelevant, the Court, like the Magistrate Judge, does not reach the merits of any of Baker's arguments. (See doc. 1555, pp. 2, 2 n. 1; doc. 1561, pp. 2-3.) Granting Baker's express request to construe his Motion as seeking relief under Federal Rule of Civil Procedure 60(b), the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, (doc. 1555), and **DENIES** his Motion, (doc. 1552).

There are no discernable issues worthy of a certificate of appeal.[3] Therefore, the Court **DENIES** the issuance of a Certificate of Appealability. Baker is advised that he "may not appeal

---

[2] The Court notes that Rule 60(b)(6) is clearly applicable to alter or amend the judgment in a § 2255 proceeding. Cf. Gonzalez v. Sec'y Dept. of Corrs., 366 F.3d 1253, 1285-86 (11th Cir. 2004) (discussing appealability of "a Rule 60(b) motion seeking to reopen a judgment denying § 2254 or § 2255 relief . . . ." (emphasis added)). Since Baker has never sought § 2255 relief, no judgment denying that relief was ever entered, and there is, therefore, no judgment susceptible to Rule 60(b) relief.

[3] As discussed above, Baker has expressly and repeatedly stated that he wants the Court to construe his Motion as a motion pursuant to Federal Rule of Civil Procedure 60(b), and not one pursuant to 28 U.S.C. § 2255. Thus, the Court is not required to grant or deny a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Cases. Nevertheless, the Court has addressed the question of a certificate of appealability to clarify that issuance is not warranted.

the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court likewise **DENIES** Baker *in forma pauperis* status on appeal. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

   **SO ORDERED**, this 25th day of June, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA